|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JACK ROBERT SMITH, | Case No. EDCV 17-0441-JFW-KK |
| --- | --- |
| Petitioner, | MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| PATTON STATE HOSPITAL, | |
| Respondent. | |

**I.**

**INTRODUCTION**

Petitioner Jack Robert Smith ("Petitioner") has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") challenging his civil commitment at Patton State Hospital after he was found not guilty by reason of insanity. As discussed below, the Court finds the Petition is wholly unexhausted and thus, summarily DISMISSES this action without prejudice.

**II.**

**BACKGROUND**

On September 28, 2012, following a bench trial in Los Angeles Superior Court, Petitioner was found guilty of Assault with a Firearm in violation of Section 245(b) of the California Penal Code, Carrying a Loaded Firearm in violation of

Section 12031(a)(2)(f) of the California Penal Code, and Exhibiting a Firearm in violation of Section 417(a)(2) of the California Penal Code. ECF Docket No. ("Dkt.") 6 at 24. On November 15, 2012, Petitioner was found not guilty by reason of insanity.[1] Dkt. 1 at 2. He was committed to the care of Patton State Hospital for a period of nineteen years and eight months. Id.

On June 16, 2015, Petitioner filed a petition for restoration of sanity pursuant to Section 1026.2 of the California Penal Code ("Section 1026.2").[2] Dkt. 6 at 19-30.

On October 21, 2016, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court ("State Petition"). Id. at 4; Dkt. 1 at 3, 8, 11-16. The State Petition, which appears to present four claims for relief, is currently still pending.[3] Id.

On March 1, 2017, Petitioner constructively filed[4] the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). Dkt. 1. While the Petition does not specifically list Petitioner's claims for relief, it appears to

---

[1] Pursuant to Section 1026 of the California Penal Code, "[i]f a defendant pleads not guilty by reason of insanity, and also joins with it another plea or pleas, the defendant shall first be tried as if only the other pleas or pleas had been entered, and in that trial the defendant shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury finds the defendant guilty . . . the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried . . . ."

[2] Pursuant to Section 1026.2, a person committed to a state hospital may file an application for release "upon the ground that sanity has been restored." §1026.2(a). Petitioner has not included copies of the trial court's determination in response to Petitioner's Section 1026.2 petition.

[3] A review of the California Courts website confirms Petitioner's State Petition is still pending before the California Supreme Court. See California Courts, Appellate Courts Case Information, Docket (Mar. 31, 2017, 9:53 AM) http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2163385&doc_no=S237926.

[4] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

present the same four claims raised in the pending State Petition. See id. at 2-8, 11-16.

On March 20, 2017, the Court issued an Order to Show Cause ("OSC") finding the Petition subject to dismissal for failure to exhaust state remedies. Dkt. 5. The Court ordered Petitioner to file a written response and granted him the following three options: (1) explain the Petition is exhausted; (2) request a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005); and (3) voluntarily dismiss the action without prejudice. Id. at 3. The Court warned Petitioner that if he "contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies." Id.

On March 26, 2017, Petitioner constructively filed a response to the OSC ("Response"). In the Response, Petitioner claims he has exhausted all state remedies, but also concedes his State Petition is still pending before the California Supreme Court. Id. at 4-5. Petitioner did not request a Rhines stay. Id.

### III.
### DISCUSSION
**THE PETITION IS SUBJECT TO DISMISSAL BECAUSE IT IS WHOLLY UNEXHAUSTED**

**A. APPLICABLE LAW**

A person seeking habeas relief must exhaust his state court remedies before a federal court may consider granting relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal

claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

**B.     ANALYSIS**

In this case, Petitioner appears to raise four grounds for relief. See dkt. 1. Despite Petitioner's claim to have exhausted his state court remedies, there is nothing to support this claim. To the contrary, the claims presented in the instant Petition appear to be the same four claims presented in Petitioner's State Petition pending before the California Supreme Court. See dkt. 1 at 2-8, 11-16; dkt. 6 at 4. Petitioner, in fact, acknowledges this when he states, "the documents/letters enclosed [in the instant Petition] is exactly what is currently still pending in the California Supreme Court (Case #S237926)." Id. at 9, 11-16.

Thus, because Petitioner's claims have not been "fairly presented" to the California Supreme Court, the Petition is completely unexhausted and warrants dismissal. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)). Accordingly, the Petition is dismissed without prejudice to petitioner reasserting his claims in a future habeas petition after he has exhausted his state court remedies and his state proceedings have concluded.

///

///

## IV.
## **ORDER**

Thus, it is ORDERED that Judgment be entered summarily DISMISSING this action without prejudice.

Dated: April 12, 2017

HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge